**THE CAVANAGH LAW FIRM**
A Professional Association
1850 NORTH CENTRAL AVENUE
SUITE 2400
PHOENIX, ARIZONA 85004-4527
(602) 322-4000
www.cavanaghlaw.com

William M. Demlong, Esq. (SBN 012458)
wdemlong@cavanaghlaw.com
Elliot H. Wernick, Esq. (SBN 015351)
ewernick@cavanaghlaw.com
Tel: (602) 322-4004
Fax: (602) 322-4103

Attorneys for Defendant Assurant, Inc.

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samira A. Alzanem,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Charming Shoppes Outlet Stores, LLC;<br>Charming Shoppes of Delaware, Inc.;<br>Fashion Bug Retail Company, LLC;<br>American Bankers Management Company;<br>Comenity Bank; Assurant, Inc.; Assurant<br>Solutions; Fetch Insurance Services, LLC;<br>Christopher Ashton; Natasha Ashton;<br>Courtney Bragton; Norma Sanchez; Robert<br>Pollock; Alan B. Colberg; William Dawson.<br><br>　　　　　Defendants. | No.<br><br>**NOTICE OF REMOVAL**<br><br>**(Maricopa County Superior Court Cause No. CV2015-095068)** |

Pursuant to 28 U.S.C. §§ 1331, 1332, 1441, 1446 and Local Rule 3.6, Defendant Assurant, Inc. ("Assurant")[1] hereby notices the removal of the above-captioned case from

---

[1] As of the date hereunder, and in addition to Assurant, Inc., Plaintiff has only served Defendants Charming Shoppes of Delaware, Inc. ("CSD"), Charming Shoppes Outlet Stores, LLC ("CSOS") and Fetch Insurance Services, LLC ("Fetch") who are joining in the petition for removal. *See* 28 U.S.C. § 1446(a); *Salveson v. Western States Bankcard Ass'n.*, 731 F.2d

Arizona Superior Court, Maricopa County, to the United States District Court for the District of Arizona and in support thereof respectfully assert:

1. This Court has jurisdiction pursuant to 28 U.S.C. § 1332, and this action may be removed pursuant to 28 U.S.C. § 1441(b), because it is a civil action between parties with complete diversity of citizenship and Plaintiffs seek damages which exceed the jurisdictional minimum of $75,000, exclusive of interest and costs.

2. At the time of the Amended Complaint, and based upon the allegations therein, Plaintiff was a citizen of the State of Arizona. This is evidenced by the fact that Plaintiff alleges that she was a resident of Maricopa County, Arizona, at all times relevant to this action. (*See* True and Correct Copy of Plaintiff's Amended Complaint, attached as Exhibit A). Notably, a natural person's state of citizenship is determined by their state of domicile. *See Kanter v. Waner-Lambert Co.,* 365 F.3d 853, 857 (9th Cir. 2001). In turn, a person's place of residence is *prima facie* evidence of their domicile. *See Golub v. Wells Fargo Bank, N.A.,* 2014 WL 997336 (C.D. Cal. 2014) (citing *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994)).

3. At the time of the Amended Complaint, Plaintiff made allegations against Charming Shoppes of Delaware, Inc., ("CSD"), Charming Shoppes Outlet Stores, LLC ("CSOS"), Charming Shoppes, Inc. ("CS"), Fashion Bug Retail Companies LLC ("FBRC"), Comenity Bank ("Comenity"), Assurant, Inc. ("Assurant"), Assurant Solutions ("AS"), American Bankers Management Company ("ABMC"), Alan Colberg ("Colberg"), Robert Pollock ("Pollock"), William Dawson ("Dawson"), Fetch Insurance Services, LLC ("Fetch"), Petplan Insurance Agency, LLC ("Petplan") Norma Sanchez ("Sanchez"), Christopher Ashton

---

1423, 1429 (9th Cir. 1984) (noting "a party not served need not be joined" in a petition for removal).

2

and Natasha Ashton ("Ashton") and Courtney Bragton ("Bragton").[2] (*See* Exhibit A).

4. CSD is a citizen of the State of Pennsylvania by virtue of the fact that it is a Pennsylvania company with its principal place of business in the State of Pennsylvania.

5. CSOS was a limited liability company organized under the laws of the State of Delaware. On or about June 27, 2015, CSOS merged with and into Outlet Division Store Co., Inc. ("Outlet Division Store"). Outlet Division Store was a corporation organized under the laws of the State of Delaware and maintained its principal place of business in the State of Pennsylvania. On or about December 26, 2015, Outlet Division Store was merged into Lane Bryant #6243, Inc. Lane Bryant #6243, Inc. is a corporation organized under the laws of the State of Florida and maintains its principal place of business in the State of Pennsylvania. Accordingly, CSOS is a citizen of the States of Florida and Pennsylvania.

6. CS is a citizen of the State of Pennsylvania by virtue of the fact that it is a Pennsylvania company with its principal place of business in the State of Pennsylvania

7. FBRC is a limited liability company organized under the laws of the State of Delaware and maintains its principal place of business in the State of Pennsylvania. The sole member of FBRC is CS Holdco II, Inc., a Delaware company with its principal place of business in the State of Pennsylvania. Accordingly, FBRC is a citizen of the States of Delaware and Pennsylvania.

8. Comenity is a citizen of the State of Delaware by virtue of the fact that it is a Delaware state-chartered bank with its principal place of business in the State of Delaware. *See* 28 U.S.C. § 1332(c)(1) ("[A] corporation [is] a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."); *see also Wachovia v. Schmidt,* 546 U.S. 303, 306 (2006) (noting that state-

---

[2] AS is not a corporation, LLC, association or other legal entity.

chartered banks fit comfortably within the prescription of section 1332(c)(1)).

9. Assurant is a citizen of the States of Delaware and New York by virtue of the fact that it is a Delaware company with its principal place of business in the State of New York.

10. American Bankers Management Company, Inc., is a Florida company with its principal place of business in the State of Florida.

11. Colberg is a citizen of the State of New York.

12. Pollack is a citizen of the State of New York.

13. Upon information and belief, Dawson is a citizen of the State of New York, but in any case is not a citizen of the State of Arizona.[3]

14. Fetch is a citizen of the States of Pennsylvania and Delaware by virtue of the fact that it is a Delaware company with its principal place of business in the State of Pennsylvania.

15. Petplan is a citizen of the State of Pennsylvania by virtue of the fact that it is a Pennsylvania company with its principal place of business in the State of Pennsylvania.

16. Sanchez is a citizen of the State of Pennsylvania.

17. Bragton is a citizen of the State of Pennsylvania.

18. The Ashtons are citizens of the State of Pennsylvania.

19. AS is not a valid legal organization or entity and, therefore, has no citizenship.

20. In her Amended Complaint, Plaintiff seeks "the amount of $1,000,000 (one million dollars) [from] each defendant …" (*See* Exhibit A, Amended Complaint paragraph

---

[3] Although Plaintiff names Dawson as a defendant to the Amended Complaint, she fails to establish any basis for imposing liability against Dawson. Indeed, the Amended Complaint contains only a passing reference to Dawson. (*See* Amended Complaint, ¶36). Plaintiff does not draw any direct connection between Dawson's purported actions (or inaction) and her enumerated claims. As a result, Dawson has been fraudulently joined to the Amended Complaint. Thus, his citizenship should not be considered in evaluating whether there is complete diversity between the parties. *See Morris v. Princess Cruises, Inc.,* 236 F.3d 1061 (9th Cir. 2001) (noting that a fraudulently joined defendant's presence in a lawsuit is ignored for purposes of determining diversity).

1 155). Accordingly, Plaintiff certified that the amount in controversy exceeded the jurisdictional minimum of $75,000.00.

21. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this matter as there is complete diversity of citizenship between Plaintiff and all identified Defendants, and the amount in controversy exceeds $75,000.00.

22. Pursuant to 28 U.S.C. §1331, this Court also has original jurisdiction as Plaintiff's Amended Complaint raises a federal question of law pursuant to 42 U.S.C. §1343(a)(3), based on her allegation that "[a]ll Defendants have violated major civil rights by violating 42 U.S.C. §1981 and, under the color of the law, also violated 42 U.S.C. §1983." (*See* Exhibit A, Amended Complaint, FOURTEENTH CAUSE OF ACTION: NATIONAL ORIGIN DISCRIMINATION).[4]

23. Less than thirty days prior hereto, the Amended Complaint, Summons and Certificate on Compulsory Arbitration were served upon Assurant (copies attached hereto as Exhibit A).

24. This Notice of Removal is being filed within thirty (30) days after receipt and service of the Amended Complaint and is timely filed under 28 U.S.C. § 1446(b).

25. The time in which Assurant has to answer the Complaint or remove with respect to the Complaint has not yet expired.

26. As CSD, CSOS and Fetch are the only other party Defendants which have been properly served, undersigned counsel has conferred with each of their counsel regarding removal of this matter and certifies that each of them agree to join in the petition for removal

---

[4] *See Barraclough v. ADP Automotive Claims Services, Inc.*, 818 F. Supp. 1310, 1312 (N.D. Cal. 1993) (holding that "[b]ecause plaintiff is asserting a federal claim (whether or not meritorious), defendant has a right to a federal forum", and noting "that the fact that a federal claim lacks merit does not deprive the district court of subject matter jurisdiction.") (citing *Sarmiento v. Texas Board of Veterinary Medical Examiners*, 939 F.2d 1242, 1245 (5th Cir. 1991); *Austwick v. Board of Education*, 555 F. Supp. 840, 842 (N.D. Ill. 1983)).

and will be concurrently filing the appropriate joinders.

27. Moving counsel certifies that a true and correct copy of all documents filed with the Maricopa County Superior Court are attached hereto as Exhibit A.

28. A Notification of Filing Notice of Removal in Federal Court (copy attached hereto as Exhibit B) has been filed in the Arizona Superior Court, Maricopa County, Arizona, on behalf of Assurant.

29. Assurant, by and through counsel, has served upon Plaintiff a copy of this Notice.

WHEREFORE, Assurant requests that the above action now pending in the Arizona Superior Court, County of Maricopa, be removed to this Court.

RESPECTFULLY SUBMITTED this 20th day of January, 2016.

**THE CAVANAGH LAW FIRM, P.A.**

By: /s/ Elliot H. Wernick
William M. Demlong
Elliot H. Wernick
1850 North Central Avenue, Suite 2400
Phoenix, Arizona 85002
Attorneys for Defendant Assurant, Inc.

**CERTIFICATE OF SERVICE**

I hereby certify that on 20th day of January, 2016, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

**COPY** of the foregoing document was
Mailed this 20th day of January, 2016 to the following:

Samira A. Alzanem
374 North Ocean Drive
Gilbert, Arizona 85233
Plaintiff, Pro Per

/s/ Adriana Garcia